**UTAH INTERNATIONAL, INC.,**
Petitioner,

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent,**

and

**Jicarilla Apache Tribe of Indians,**
**Intervenor Respondent.**

No. 72–1575.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 11, 1973.

Decided April 27, 1973.

Harry L. Bigbee, Santa Fe, N. M., and Richard N. Carpenter, New York City, for petitioner.

Bradford E. Whitman, Atty., Dept. of Justice, Kent Frizzell, Asst. Atty. Gen., Edmund B. Clark, Chief, App. Section, Land and Natural Resources Div., and Eva R. Datz, Atty., Dept. of Justice, for respondent.

Daniel H. Israel, and Joseph J. Brecher, Boulder, Colo., for intervenor respondent.

Before HILL, SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Utah International, Inc., seeks direct review by us of an order of the Environmental Protection Agency entered on July 27, 1972, concerning the State of New Mexico's Implementation Plan as such relates to the attainment and maintenance of national ambient air quality standards for sulphur oxides in the New Mexico portion of the Four Corners Interstate Air Quality Control Region. The order complained of now appears at 37 Fed.Reg., page 15080, et seq. (1972). Background information need only be developed on a limited basis, as we are convinced we are without jurisdiction.

Pursuant to applicable statute the State of New Mexico on January 19, 1972, submitted to the Environmental Protection Agency, hereinafter referred to as the E.P.A., an implementation plan for meeting national primary and secondary air quality standards for six air pollutants, said standards having been theretofore promulgated by the E.P.A. This state plan was approved in part and disapproved in part by the E.P.A. on May 31, 1972. See 37 Fed.Reg. at pages 10842, 10881, et seq. (1972).

On July 27, 1972, the EPA on the basis of further review and evaluation of the plan disapproved certain other provisions of the plan which had been previously approved. At this same time, the E.P.A. also published a notice of proposed rule-making concerning suggested implementation plans to be substituted for the state implementation plans to the extent that the state plans had been thus disapproved.

It was in this setting that Utah International, Inc., hereinafter referred to as Utah, initiated the present proceeding in this court. Utah seeks review of the E.P.A.'s order of July 27, 1972, insofar as that order disapproves certain portions of the New Mexico Implementation Plan which had previously been approved by the E.P.A. In this regard, Utah complains that the E.P.A. did not afford the interested parties a hearing before entering its order disapproving that which it had previously approved.

Utah also complains about that portion of the order of July 27, 1972, wherein the E.P.A. proposed certain regulations to be substituted for the portions of the state plan which had been disapproved. In this regard Utah disclaims any attack on the contents of the regulations proposed by E.P.A., but purportedly seeks only a review of the order proposing the substitute regulations, which order, it is said, would be of no effect if the order of the E.P.A. disapproving certain additional parts of the state plan be held improper.

E.P.A. and the Jicarilla Apache Tribe of Indians, as intervenors, have filed a motion to dismiss, alleging that this court is without jurisdiction to entertain Utah's petition for review. This motion to dismiss having been fully briefed, as well as orally argued, we are convinced that it is well taken and that the petition should be dismissed.

The provisions of the Clean Air Act relating to certain administrative proceedings and judicial review thereof are found in 42 U.S.C. § 1857h–5. Specifically, 42 U.S.C. § 1857h–5(b)(1) provides, in pertinent part, that a "petition for review of the Administrator's action in *approving* or *promulgating* any implementation plan * * * may be filed only in the United States Court of Appeals for the appropriate circuit [and] [a]ny such petition shall be filed within 30 days from the date of such *promulgation* or *approval*, or after such date if such petition is based solely on grounds arising after such 30th day." (Emphasis added).

It is the position of E.P.A. and the Jicarilla Tribe that as concerns implementation plans the Clean Air Act only provides for judicial review of an E.P.A. order which either approves a state implementation plan or promulgates a plan of its own. In this regard it is asserted that the E.P.A. order of July 27, 1972, neither "approved" a state plan nor "promulgated" one of its own. On the contrary, asserts the E.P.A., the order of July 27, 1972, "disapproved" portions of New Mexico's Implementation Plan and then notified all interested parties of "proposed" regulations which would, if eventually promulgated, replace the parts of the state plan disapproved by the E.P.A. Accordingly, it is argued, the statute in question does not provide for judicial review by us of the E.P.A.'s order of July 27, 1972, since the order complained of did not approve the state plan nor did it promulgate a plan in lieu of the disapproved portion of the state plan. We generally agree with this reasoning.

The statute providing for judicial review of orders of the E.P.A. relating to implementation plans is obviously designed to provide for judicial review of *final* administrative action. Hence, an order approving a state plan is subject to review, for by approving a state plan the E.P.A. thereby places the state plan into effect. However, an order disapproving a state plan is not subject to review, because by the mere act of disapproval *no* plan is placed into effect and the administrative process is simply reactivated.

In other words, the effect of a disapproval order under the Clean Air Act is to reopen the administrative process to the end that if the state in question does not thereafter come up with a revised plan of its own which is acceptable to the E.P.A., then the E.P.A. will promulgate a plan of its own. Accordingly, in the instant case until such time as the E.P.A. promulgates its own plan, after allowing the state an opportunity to come up with a revised plan of its own, there is no final and applicable order un-

der the statute. It is on this basis that we conclude that the present petition to review is not permitted by 42 U.S.C. § 1857h–5(b)(1) and that we are without jurisdiction.

Utah alternatively suggests that we have jurisdiction under the Administrative Procedure Act. We think not. In Amerada Petroleum Co. v. F.P.C., 231 F.2d 461 (10th Cir. 1956), we held that the Administrative Procedure Act provides for a right of judicial review in a proper court of final agency action where other statutory authority for judicial review of administrative action is absent or inadequate. As applied to the instant case, we certainly cannot say that the judicial review provided by the Clean Air Act itself *after* approval of a state plan or promulgation of an implementation plan by the E.P.A. is inadequate. Additionally, it is doubtful that the present matter, being interlocutory in nature, is "ripe" for judicial review under the rationale of such cases as Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), and Toilet Goods Ass'n, Inc. v. Gardner, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967). We are accordingly of the firm view that the Administrative Procedure Act does not confer jurisdiction on this court to review the order about which Utah here complains.

Petition dismissed.